Eugene and Genevieve Renda v. Commissioner.
Renda v. Commissioner
Docket No. 2362-62.
United States Tax Court
T.C. Memo 1964-139; 1964 Tax Ct. Memo LEXIS 197; 23 T.C.M. (CCH) 843; T.C.M. (RIA) 64139; May 18, 1964
*197 Eugene Renda, pro se, 59 Howard Ave., Eastchester, N. Y. Michael D. Weinberg, for the respondent. MURDOCK Memorandum Findings of Fact and Opinion MURDOCK, Judge: The Commissioner determined a deficiency of $1,061.49 in the income tax of the petitioners for 1960. The case was first set for trial in New York on May 13, 1963, at which time there was no appearance on behalf of the petitioners and an order of dismissal was entered for default on May 20, 1963. Bernard Rabin entered his appearance for the petitioners on August 9, 1963, and moved to vacate the dismissal and restore the case to the trial calendar. The motion was granted on August 29, 1963. The case was set for trial in New York on April 6, 1964. There was no appearance for the petitioners when the case was called for trial but later Bernard Rabin appeared and moved for a continuance. The case was set for trial on April 9, 1964, at which time Bernard Rabin did not appear but meanwhile had put his motion for continuance in writing. The motion was denied and Eugene Renda then proceeded in his own behalf. Findings of Fact The petitioners are husband and wife residing in Eastchester, New York. They filed a *198 joint return for 1960 with the Internal Revenue Service at 484 Lexington Avenue, New York, New York. The Commissioner in determining the deficiency disallowed the following deductions claimed on the return: Interest
$ 600.00
Medical Expenses
568.96
Auto Expense
1,598.20
Four Exemptions
2,400.00 The Commissioner explained in the notice that the items were disallowed for lack of substantiation. The exemptions were claimed for the mother and stepfather of Eugene and the mother and father of Genevieve. The four parents of the petitioners lived with the petitioners during 1960. The mother and stepfather of Eugene were then 79 years of age and the only income they had in that year was $60.00 per month of social security received by the stepfather. Genevieve's mother was 76 years of age and her father was 73 years of age in 1960. They had no income in 1960. The petitioners furnished more than one-half of the support of the four persons, above-mentioned, in 1960. The petitioners failed to show that the Commissioner erred in disallowing the deduction of $600.00 for interest paid in 1960. Eugene worked in 1960 as a traveling salesman selling furniture from which *199 business he reported wages of $10,124.10. He used a 1960 Ford in that business and claimed a deduction on his return for automobile expense there itemized as follows: Gasoline - about
$ 500.00
Oil 72 quarts per year
43.20
Wash and clean
100.00
Parking fees and tolls
75.00
1960 Ford cost $3,400 - 20% de-
preciation
680.00
Insurance
200.00
Total
$1,598.20 Eugene estimated all of the above amounts and offered no other substantiation for any item. The petitioners on their return for 1960 claimed a deduction of $568,96 for medical and dental expense based upon $150.00 as cost of medicine and drugs and other medical and dental expenses of $760.00. The $760.00 was itemized as follows: Dr. Wyels
$250.00
Dr. Rizzo
125.00
Dr. Slobody
75.00
Dr. Ruggeria
150.00
Dr. Conti (dentist)
160.00
Total
$760.00 The petitioners paid some cash to doctors in 1960. They paid Dr. Lawrence Slobody $25.00 by check in 1960. They paid $275.00 to Dr. Agustus Ruggeria and $110.00 to Dr. Joseph F. Conti, in 1960. The petitioners paid a total of $550.00 to doctors in 1960 and $150.00 for medicine and drugs. Opinion Section 151(e)(1)(A) allows an exemption *200 for each dependent whose gross income for the calendar year is less than $600.00. Three of the dependents here in question had no income during 1960 and received all of their support from Eugene. Eugene testified that his stepfather had social security income of $60.00 a month during 1960, but that is not counted in gross income and thus the exemption is allowed for him. The findings dispose of the interest item. The evidence relating to the business expenses and the medical deduction leaves considerable doubt as to the amounts actually spent and the amount of a proper deduction for depreciation. Some amounts are deductible. The Court has had to apply the rule of , and concludes that $880.00 is a proper deduction for automobile expense and has found amounts to be used in the computation of the medical expense. Decision will be entered under Rule 50.